UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04-11907 PBS

| | |
|---|---|
| Seaton Insurance Company, Inc., ) | |
|     Plaintiff, ) | MAGISTRATE JUDGE _____ |
| vs. ) | Case No.: |
| Odyssey Reinsurance Corporation, ) | RECEIPT # 58343 |
|     Defendant. ) | AMOUNT $ 150 |
| | SUMMONS ISSUED yes - 1 |
| | LOCAL RULE 4.1 ___ |
| | WAIVER FORM ___ |
| | MCF ISSUED ___ |
| | BY DPTY. CLK. ___ |
| | DATE 9/1/04 |

**COMPLAINT**

Plaintiff, Seaton Insurance Company, formerly known as Unigard Security Insurance Company ("Seaton"), by and through its counsel, for its Complaint against Odyssey Reinsurance Corporation ("Odyssey Re"), states as follows:

**PRELIMINARY STATEMENT**

1. Seaton seeks declaratory relief and damages due to Odyssey Re's failure and refusal to pay $2 million owed to Seaton under a facultative reinsurance contract issued to Seaton by an Odyssey Re predecessor.

**PARTIES**

2. Plaintiff Seaton is a Rhode Island corporation with its principal place of business in Massachusetts.

3. Defendant Odyssey Re is a Delaware corporation with its principal place of business in Connecticut.

- 1 -

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the dispute pursuant to 28 U.S.C. § 1332(a) because the parties' citizenship is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Odyssey Re because Odyssey Re regularly does business within this district.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the claim occurred in this district.

## BACKGROUND

7. Seaton issued Excess Umbrella Insurance Policy No. 1-0261 (the "Policy") to Pfizer, Inc. and associated entities. The Policy has annual aggregate limits of $2 million excess of $40 million, and a period of October 1, 1972 to October 1, 1975. A copy of the Policy is attached hereto as Exhibit A, and is incorporated herein by reference.

8. Odyssey Re's predecessor, Skandia Insurance Company, Ltd. (hereinafter, "Odyssey Re"), issued Casualty Facultative Reinsurance Certificate no. 0263 (the "Certificate") to Seaton. The Certificate obligated Odyssey Re to pay 50% of the aforementioned annual aggregate limits for ceded loss (i.e., $1 million for each of the three years), and had the same period as the Policy. A Copy of the Certificate is attached hereto as Exhibit B, and is incorporated herein by reference.

9. Seaton entered into a settlement agreement with insureds Pfizer, Inc. and its associated entity Quigley Company, Inc., whereby Seaton agreed to pay for asbestos-related loss expenses under various insurance policies, including the Policy.

10. Seaton has exhausted the Policy's three year annual limits ($6 million total) under the settlement agreement, first exhausting the 1972-73 year's limits, and later exhausting the 1973-74 and 1974-75 year limits.

11. Seaton has billed Odyssey Re for $3 million in reinsurance proceeds due and owing to Seaton under the Certificate.

12. Odyssey Re has paid Seaton $1 million for the first year's reinsured limits, but thus far has refused to pay the additional $2 million to Seaton under the Certificate. Copies of Odyssey Re's checks totaling $1 million reflecting its partial payment are attached hereto as Exhibit C.

13. Seaton has fully performed all of its obligations to Odyssey Re under the Certificate.

### COUNT I (DECLARATORY RELIEF)

14. Seaton incorporates paragraphs 1-13 above into this paragraph 14 as if fully set forth herein.

15. Seaton has repeatedly demanded but Odyssey Re as refused to pay the unpaid $2 million billed under the Certificate, and thus there is an actual controversy between the parties regarding Odyssey Re's obligation to pay this amount.

16. Odyssey Re is obligated under the Certificate to pay the $2 million due and owing to Seaton.

WHEREFORE, Seaton prays that this Court declare and issue judgment that Odyssey Re is obligated to Seaton for $2 million in reinsurance as billed under Certificate, and grant such other and further relief in favor of Seaton as is just and proper.

### COUNT II (BREACH OF CONTRACT)

17. Seaton incorporates paragraphs 1-16 above into this paragraph 17 as if fully set forth herein.

18. Odyssey Re's failure and refusal to pay the $2 million owed under the Certificate is a breach of that contract, entitling Seaton to all damages resulting from that breach.

WHEREFORE, Seaton prays that this Court enter judgment in favor of Seaton and against Odyssey Re as follows:

(a) awarding Seaton monetary damages resulting from Odyssey Re's failure and refusal to pay, including the $2 million owed and all interest on said sum;
(b) awarding Seaton attorneys fees and other costs of suit; and
(c) awarding Seaton such other and further relief as is just and proper.

### COUNT III (BREACHES OF DUTY)

19. Seaton incorporates paragraphs 1-18 above into this paragraph 19 as if fully set forth herein.

20. Odyssey Re's failure and refusal to pay the $2 million due and owing to Seaton under the Certificate is a violation of the duty of good faith and fair dealing inherent in every contract.

21. Odyssey Re's failure and refusal as described above is a violation of its duty of utmost good faith owed to its ceding insurer, Seaton.

WHEREFORE, prays that this Court enter judgment in favor of Seaton and against Odyssey Re as follows:

(a) awarding Seaton monetary damages resulting from Odyssey Re's breaches of duty;
(b) awarding Seaton it's attorneys fees and other costs of suit; and
(c) awarding Seaton such other and further relief as is just and proper.

Dated: September 1, 2004

SEATON INSURANCE COMPANY

By: _____
One of its Attorneys,
Brian C. Bendig
2 Central Square
Cambridge, Massachusetts 02139
Telephone: (617) 234-3812
Mass Bar #660126

- 4 -

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Seaton Insurance Company, Inc. vs. Odyssey Reinsurance Corporation__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _____Brian C. Bendig_____
ADDRESS _____2 Central Square - Floor 2, Cambridge, MA 02139-3311_____
TELEPHONE NO. _____(617)-234-3812_____

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Seaton Insurance Company, Inc.

### DEFENDANTS
Odyssey Reinsurance Corporation

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Brian C. Bendig
2 Central Square - 2nd floor
Cambridge, MA 02139-3311
Telephone: (617) -234-3812

Attorneys (If Known)

*[Stamp: 04-11907 PBS]*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability / ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of | Slander / ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act Judgment | ☐ 330 Federal Employers' Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product / ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability / ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | Product Liability / ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | State Statutes |
| | / ☐ 550 Civil Rights | Security Act | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USC§ 2201 (Declatory Judgement), breach of contract and related duties, 28 USC§ 1332

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 2 Million dollars plus interest,fees,costs
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE 9/1/04
SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____